Workmen's Compensation Law (Rev. St. Tex. 1925, art. 8306 et seq.), and was awarded judgment for the sum of $20 per week for a period of 180 weeks. Error is assigned to the refusal of the court to enter judgment, in the form requested, reserving jurisdiction in the court to amend it on the happening of events in the future that would so warrant, in conformity to the Texas law. No other error is assigned.

It is evident that the District Court decided all the issues before it. We are not called upon to consider at this time whether the Workmen's Compensation Laws of Texas contemplate the amendment of a judgment of a court on the happening of a future event. If they do, a reservation of jurisdiction for that purpose would be unnecessary, and, if not, such a reservation would add nothing to the judgment.

Affirmed.

John ENOCHS, Plaintiff in Error, v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
April 2, 1928.

No. 8056.

W. C. Peters, of Tulsa, Okl., for plaintiff in error.
John M. Goldesberry, U. S. Atty., and W. B. Blair, Asst. U. S. Atty., both of Tulsa, Okl.

PER CURIAM. Writ of error dismissed, without costs to either party in this court, on motion of plaintiff in error, with approval of counsel for defendant in error.

FARMERS' FIRE INSURANCE CO., Appellant, v. KAUFFMAN JEWELRY CO., Appellee.

Circuit Court of Appeals, Eighth Circuit.
September 17, 1928.

No. 8224.

Pierce Butler, Jr., Charles Bunn, and E. G. Vaughan, all of St. Paul, Minn., for appellant.
Harry H. Hageman, of St. Paul, Minn., for appellee.

PER CURIAM. Appeal dismissed with prejudice, without costs to either party in this court, per stipulation of parties.

FARMERS' FIRE INSURANCE CO., Plaintiff in Error, v. KAUFFMAN JEWELRY CO., Defendant in Error.

Circuit Court of Appeals, Eighth Circuit.
September 17, 1928.

No. 8225.

Pierce Butler, Jr., Charles Bunn, and E. G. Vaughan, all of St. Paul, Minn., for plaintiff in error.
Harry A. Hageman, of St. Paul, Minn., for defendant in error.

PER CURIAM. Writ of error dismissed with prejudice, without costs to either party in this court, per stipulation of parties.

FARMERS' SAVINGS BANK OF BARNES CITY, IOWA, v. BABB.

Circuit Court of Appeals, Eighth Circuit.
October 22, 1928.

No. 8034.

Thomas J. Bray, of Oskaloosa, Iowa, and Clyde McFarlin, of Montezuma, Iowa, for appellant.
R. W. Boyd, of Montezuma, Iowa, for appellee.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. The question involved in this appeal is whether the discharge of the bankrupt was properly granted. The application for the petition to discharge was duly filed by the bankrupt and one of the creditors interposed objections: First, that the bankrupt had knowingly and fraudulently made a false oath in the proceedings in stating in one of the schedules that he was in-